IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| COLLIE WILL HURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 108-006 |
| | ) |
| JOE NELSON, Wilkes County, Washington, | ) |
| Georgia, Police Officer,[1] and JAMES W. | ) |
| SMITH, Attorney, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The above-captioned case was commenced pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was filed *in forma pauperis* and must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or

---

[1]Plaintiff names "Jo" Nelson as a Defendant in his original complaint (doc. no. 1), and "Joe" Nelson as a Defendant in his amended complaint. (Doc. no. 10). Upon review of both the original and amended complaints, the Court notes that Defendant Nelson "Jo" or "Joe" is one in the same, an investigator with the Wilkes County, Washington, Georgia, Police Department. As Plaintiff's amend complaint lists Defendant Nelson's first name as "Joe," and it is the amended complaint the Court will screen, the **CLERK** is **DIRECTED** to change the docket accordingly.

malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Joe Nelson, an investigator with the Wilkes County Police Department, and (2) James W. Smith, Plaintiff's attorney for an underlying criminal case. Plaintiff alleges that Defendant Nelson knowingly used false information to have Plaintiff arrested in Wilkes County, Georgia. (Doc. no. 10, pp. 3, 4). Plaintiff states that all charges stemming from this arrest were dropped on January 5, 2005. (Id.). Plaintiff also asserts that Defendant Smith, the attorney he retained for the charges stemming from this arrest, failed to provide effective assistance of counsel despite being paid $2000.00 of a $5000.00 retainer.

## II. DISCUSSION

Plaintiff filed the instant complaint in November of 2007; the alleged constitutional violations occurred between 2003, when Plaintiff was arrested, and January 5, 2005, when the charges were dropped. Plaintiff's claims are clearly subject to dismissal under the applicable two-year statute of limitations in Georgia. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

---

[2]Plaintiff filed an amended complaint on March 10, 2008. (Doc. no. 10). Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). No responsive pleadings have been filed in this case, and thus, Plaintiff may amend as a matter of right. As such, it is Plaintiff's amended complaint (doc. no. 10) that the Court will now screen.

2

Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under § 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he must be aware or should be aware who injured him. Rozar, 85 F.3d at 562. Plaintiff's charges were dropped on January 5, 2005, but Plaintiff did not file the instant lawsuit until November 2007, almost three years after the events in question occurred.

As Plaintiff's claims are time-barred, he has failed to state a claim upon which relief may be granted.[3]

### III. CONCLUSION

The Court finds, for the reasons set forth above, that Plaintiff's claims are barred by

---

[3]Even if Plaintiff's claims were not time-barred, the Court notes that his claim against Defendant Smith fails. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, C.J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 n.7 (1981) (finding a lawyer representing a client was not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law). Plaintiff's retained counsel was merely performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding and thus is not a person acting under color of state law. Therefore, even if his claims were not time-barred, Plaintiff has not stated a viable § 1983 claim against Defendant Smith.

3

the statute of limitations, and therefore **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this ___ day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE