IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| COLLIE WILL HURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 108-006 |
| ) | |
| JOE NELSON, Wilkes County, Washington,) | |
| Georgia, Police Officer, and JAMES W. ) | |
| SMITH, Attorney, ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 17, 18).[1] Plaintiff alleged in his complaint that Defendant Nelson knowingly used false information to have Plaintiff arrested in Wilkes County, Georgia. Plaintiff based his complaint on events surrounding this purported use of false information to arrest him in 2003 through the point at which the charges were dismissed on January 5, 2005. Plaintiff filed the

---

[1] The Court is aware that Plaintiff requested an extension of time to file objections to the April 28, 2008 Report and Recommendation. (Doc. no. 17, p. 3). He requested this extension so that he could submit documents he had recently requested from the Clerk of Court for the Wilkes County Superior & Juvenile Courts. The Court notes that before the deadline to file his objections expired, Plaintiff submitted these documents along with his second objections to the Court's April 28th Report and Recommendation. (Doc. no. 18). Thus, Plaintiff's request for an extension of time to object to the April 28th Report and Recommendation is **MOOT**.

instant lawsuit in November 2007, almost three years after his charges were dropped. The Magistrate Judge concluded that Plaintiff's claims were time-barred and subject to dismissal under the applicable two-year statute of limitations in Georgia. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

Plaintiff objects to the Magistrate Judge's recommendation and states that his complaint is not barred by the statute of limitations because he only became aware that the charges had been dismissed upon his "recent incarceration at Autry State Prison" in March 2007. In support of this argument Plaintiff provides a copy of a letter that he received from the Clerk of Court for the Wilkes County Superior & Juvenile Courts. The letter provides:

> Your [Plaintiff's] request for documents was filed in our office May 5, 2008. The District Attorney dismissed the charges referred to in your request. (Re: M-2452, M-2453, M-2454, and M-2455)[.] Our records show that you were sent copies of this dismissal on 3-6-2007. However, if you still want additional copies you need to send us 7.25 and we will be glad to send copies of your entire file.

(Doc. no. 18, p. 6).

The Eleventh Circuit, in an unpublished opinion notes that "an action for false imprisonment accrues when the prisoner 'becomes held pursuant to [legal] process." Burgest v. McAfee, No. 06-16608, slip op. at 1 (11th Cir. Feb. 8, 2008) (citing Wallace v. Kato, 127 S.Ct. 1091, 1095-96 (2007)). Thus, Plaintiff's claim for false imprisonment accrued in 2003. That Plaintiff requested documents from the Clerk of Court for the Wilkes County Superior & Juvenile Court in March of 2007 does not change the fact that this claim accrued in 2003 when he became held pursuant to legal process. Accordingly, the Report

and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's case is **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.

SO ORDERED this 10th day of June, 2008, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE